IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 23-cv-0222-WJM-SKC

IHS MARKIT, LTD.,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY, and
CHUBB INSURANCE COMPANY OF CANADA,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Before the Court is Plaintiff IHS Markit, Ltd.'s Motion for Remand ("Motion"). (ECF No. 25.) Defendants Great Northern Insurance Company ("Chubb US" or "GNIC") and Chubb Insurance Company of Canada[1] ("Chubb Canada") (collectively, "Defendants") filed their response (ECF No. 31), and Plaintiff filed its reply. (ECF No. 34.) For the reasons set forth herein, the Motion is granted.

## I. BACKGROUND

This is an insurance coverage action under an integrated global insurance program in which Plaintiff seeks insurance coverage for losses arising out of the COVID-19 pandemic, including the related health and safety restrictions. (ECF No. 6.) The program's master insurance policy (the "Master Policy") was issued to Plaintiff, the "Named Insured," at its offices in Englewood, Colorado, in Arapahoe County. (*See id*.

---

[1] Chubb European Group SE was terminated as a defendant pursuant to a Stipulation of Dismissal. (ECF No. 26.) Accordingly, the Court will not discuss Chubb European Group SE further in this Order.

¶¶ 9, 19.)  Plaintiff brought three claims for relief: (1) declaratory relief against all Defendants; (2) breach of contract against all Defendants; and (3) unreasonable delay and denial of benefits against Chubb US.  (*Id.*)  Plaintiff brought no federal claims.

On January 25, 2023, Chubb US, with the consent of its co-defendants, Chubb European Group SE, and Chubb Canada—who are all members of the "Chubb Group of Insurance Companies" that underwrote the insurance program at issue—filed a Notice of Removal to remove this action to this Court on the purported ground of "diversity of citizenship."  (ECF No. 1 at 1.)

To support their assertion that this Court has diversity jurisdiction, Defendants state in the Notice of Removal:

> 8. Plaintiff appears to be a limited company with the designation LTD in its name.  For purposes of diversity jurisdiction, the citizenship of an unincorporated entity is determined by the citizenship of its members.  *See Citadel Crossing Associates, LP v. CentiMark Corp.*, 2011 WL 5119022 at *3 (D. Colo. 2011).
>
> 9. According to the Complaint, Plaintiff alleges that it is a "wholly-owned subsidiary of S&P Global Inc., a New York corporation.  As such, its only member is a New York Corporation and the limited company's citizenship is of New York.
>
> 10. Alternatively, Plaintiff alleges that despite its "LTD" designation, it is a "corporation organized under the laws of Bermuda with its principal place of business in London, England, in the United Kingdom."  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(I).  Therefore, Plaintiff is alternatively a citizen of Bermuda and the UK.

(ECF No. 1 ¶¶ 8–10.)  Chubb US is a citizen of Indiana and New Jersey.  (*Id.* ¶ 11.)  Chubb Canada is a citizen of Canada.  (*Id.* ¶ 16.)  Thus, Defendants assert that

2

diversity jurisdiction exists because "Chubb Canada is a citizen of Canada which is different from the citizenship of the Plaintiff of either New York or Bermuda and the UK, and as such, diversity of citizenship exists between the Plaintiff and GNIC." (*Id.* ¶ 17.) Additionally, Defendants assert that the amount in controversy exceeds $75,000. (¶ 20.)

## II. LEGAL STANDARD

Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the jurisdictional amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.* When a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 82 (citing 28 U.S.C. § 1446(c)(2)(B)).

## III. ANALYSIS

### A. Parties' Citizenship

Plaintiff argues in the Motion that Defendants have committed legal and factual errors by arguing that there is complete diversity among the parties. (ECF No. 25 at 2.) First, Plaintiff argues that Defendants misapprehend the legal requirements for diversity because they assert that "complete diversity of jurisdiction exists because no defendant is a citizen of any *jurisdiction* in which Plaintiff is a citizen[.]' . . . But diversity jurisdiction does not treat *aliens* the same as 'citizens of a *State*.' Here, Plaintiff and two of the

3

three Defendants are aliens, and where aliens are on both sides of a case, under the plain language of the diversity statute and controlling case law, there is no diversity." (*Id.* (alterations in original; internal citation omitted).)  Second, Plaintiff argues that Defendants made a factual error by asserting that Plaintiff's alien citizenship must be ignored because "Plaintiff 'appears to be a limited company with the designation LTD in its name', and '[f]or purposes of diversity jurisdiction, the citizenship of an unincorporated entity is determined by the citizenship of its members.'"  (*Id.*)  "According to Defendants, Plaintiff's 'only member is a New York Corporation' (its ultimate corporate parent, S&P Global Inc.) and thus, 'the limited liability company's [*i.e.*, Plaintiff's] citizenship is of New York.'"  (*Id.*)

In the Motion, Plaintiff sets forth evidence demonstrating that Defendants are incorrect, and that it is a citizen of Bermuda and the United Kingdom and not New York.  (*Id.* at 11.)  In the Declaration of Grant Nicholson ("Declaration"), a member of Plaintiff's Board of Directors, Nicholson explains that Plaintiff is a Bermuda corporation, organized under the Bermuda Companies Act 1981.  (ECF No. 25-1 ¶ 2.)  Plaintiff has a "Certificate of Incorporation" pursuant to that Act, and it is recognized by Bermuda's Registrar of Companies as a "Company Limited By Shares" (*i.e.*, a corporation with limited liability, not a partnership, LLC, or other pass-through entity).  (*Id.* (citing ECF Nos. 25-2–25-4).)  "Bermuda's Companies Act 1981" shows "that a business organization 'limited by shares' under Bermuda law is equivalent in all legally material respects to a corporation under state law."  (ECF No. 25 at 12 (quoting *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)).)

Plaintiff explains that it: (a) has its own legal existence, independent of who owns

4

its shares; (b) is governed by a four-member board of directors; (c) maintains its own corporate by-laws; (d) manages and maintains its own corporate accounts, taxes, assets, and liabilities; (e) has the legal power and capacity to, and does, enter into contracts and perform business on its own account and in its own name; (f) has the legal power and capacity to sue and be sued in its own name; and (g) is authorized under its by-laws to issue tradeable shares, and in fact, traded publicly on the New York Stock Exchange until last year.  (*Id.* (citing ECF No. 25-1 ¶¶ 6–13).)  Based on this evidence and Defendants' failure to refute it, the Court finds that Plaintiff is an alien corporation, with its own legal citizenship, in every material respect.

Plaintiff also explains the status of its citizenship following its acquisition by S&P Global International Holdings Ltd. ("SPGIH") in February 2022.  (ECF No. 25 at 13.)  That acquisition left Plaintiff intact as a surviving Bermuda corporation.  (*Id.*)  Plaintiff explains that

> SPGIH is a private limited company organized under the laws of the United Kingdom with its principal place of business in London. *See* Dec., ¶ 15; S&P Global International Holdings Limited (Company No. 13651574), U.K. Companies House Register, https://find-and-update.company-information.service.gov.uk/company/13651574 (last visited February 22, 2023).  SPGIH is ultimately and indirectly owned by S&P Global Inc.  In a transaction that closed on February 28, 2022, a wholly owned subsidiary of SPGIH was merged into IHSM, with IHSM continuing as the surviving company, without any change to its corporate form or identity as a Bermuda corporation.  *See* Dec., ¶¶ 14–15.

(*Id.* at 13 n.10.)  Accordingly, even if Plaintiff derived its citizenship from the company that owns its shares, it would still be an alien because it would be a citizen of the United Kingdom, not New York.

5

In their response, Defendants largely abandon any argument that this Court has diversity jurisdiction on the face of the Complaint. (ECF No. 31; ECF No. 34 at 1.) Instead of filing a robust response to Plaintiff's arguments regarding its citizenship, Defendants relegate their argument to a footnote without citation to evidence or case law:

> This [allegation that Plaintiff is a Bermuda corporation] is despite Plaintiff's use of the "LTD" description in its name. If Plaintiff is a "limited company" as its name indicates, it is a citizen anywhere its owners are citizens, and its sole owner is a New York corporation. Therefore, in that scenario Plaintiff would be a citizen of New York and be fully diverse from all defendants, fraudulently joined or not.

(ECF No. 31 at 2 n.4.) Defendants' response is insufficient to refute the argument and evidence Plaintiff set forth in the Motion and reply. (*See* ECF No. 34 at 2 ("Defendants' Revised Opposition (ECF 31) does not meaningfully dispute [Plaintiff's argument that complete diversity does not exist in this case].").) Accordingly, the Court finds that because there are alien parties on both sides of this action, diversity is lacking on the face of the Complaint. *See, e.g., Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("aliens were on both sides of the case, and the requisite diversity was therefore absent"); *Ruhrgas AG v. Marathon Oil Co.*, 525 U.S. 574, 578 n.1, 580 n.2 (1999) (holding, in a case between alien and U.S. plaintiffs and an alien defendant, that "[t]he foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete"); *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016) (finding diversity lacking in a case between foreign entities).

**B.     Fraudulent Joinder**

In their response, Defendants "fundamentally changed their theory of federal

6

jurisdiction." (ECF No. 34 at 1.) Rather than sticking with their argument that the parties are diverse on the face of the Complaint, Defendants now contend that Chubb Canada—the diversity-destroying party on Defendants' side—must be ignored because it has been "fraudulently joined" as a defendant. (ECF No. 31 at 4.) For support, Defendants point to a provision in the Chubb Canada Policies that requires that the claim against Chubb Canada be brought in Ontario, Canda. (*Id.* at 5.)

Although Defendants' fraudulent joinder allegation is arguably a species of their argument that diversity jurisdiction exists, for the following reasons, the Court finds that they are precluded from bringing it because it is untimely and outside the scope of their Notice of Removal. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant receives a copy of the initial complaint by service or otherwise. *See A.L. by and through Luchsinger v. Pitts*, 2022 WL 3593739, at *3 (D. Colo. Aug. 23, 2022). Courts strictly enforce the 30-day statutory time limitation. *See id.* (citing *Brumfiel v. U.S. Bank*, 2013 WL 5510032, at *1 (D. Colo. Oct. 4, 2013)). "During that period, the defendant may freely amend the notice of removal." *Id.*

However, "[a]fter the expiration of the 30-day period set forth in § 1446(b), the removing party may seek to amend its notice of removal pursuant to 28 U.S.C. § 1653, which states that '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'" *Id.* In reviewing the purpose of § 1653, the Supreme Court clarified that it is intended to address "only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989); *see also Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314–15 (10th Cir. 2007) ("The purpose of § 1653

7

is 'to avoid dismissals on technical grounds.'" (quoting *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971))) (unpublished).

Here, Defendants' 30-day deadline has passed.  Plaintiff explains that "Defendants' original response brief (ECF 30), which first asserted their fraudulent joinder theory, was filed on March 15, 2023—82 days after the December 23, 2022, filing of the Complaint (ECF 6), and 49 days after the January 25, 2023, filing of the Notice of Removal (ECF 1)."  (ECF No. 34 at 6.)  Moreover, Defendants never filed a motion to amend their notice of removal under § 1653. "After the thirty day period for removal has passed, a defendant may only rely on those grounds for removal asserted in the notice."  *Iconic Med. Group, LLC v. Lonahte Holdings*, LLC, 2021 WL 2678614, at *2 (D. Colo. Jun. 30, 2021) (quotation marks and alterations in original omitted) (first citing *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("[A]fter thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis."); then citing *Gavin v. AT&T Corp.*, 464 F.3d 634, 641 (7th Cir. 2006) ("[A]s they have never suggested diversity as a basis for jurisdiction, insisting instead on placing all their jurisdictional eggs in the SLUSA basket, there we shall leave them."); then citing *Lopez v. Walker Stainless Equip. Co.*, 431 F. Supp. 3d 1253, 1255 (D.N.M. 2020) ("Defendants . . . are not allowed to switch jurisdictional horses midstream.") (citations and quotations omitted); and then citing *Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) ("A notice of removal may not be untimely amended to add a new avenue of jurisdiction." (citation and quotations omitted)).  "A defendant may not belatedly assert 'completely new

8

grounds for removal,' nor 'switch jurisdictional horses midstream.'" (ECF No. 34 at 5 (quoting *Pitts*, 2022 WL 3593739, at *3).)

Additionally, the Court agrees that Plaintiff suffered actual prejudice from Defendants' omission because their failure to assert a theory of fraudulent joinder in their Notice of Removal prevented Plaintiff from challenging it in its Motion. (*Id.* at 6.) Finally, the Court also concludes that Defendants' delay in raising the fraudulent joinder argument is inexcusable because it is based on a forum selection clause in Chubb Canada's own contract. (*Id.*)

Accordingly, the Court finds that Defendants' fraudulent joinder argument is time-barred and outside the scope of the Notice of Removal; thus, the Court lacks diversity jurisdiction and remands this action to Arapahoe County District Court.[2]

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS:

1. The Motion (ECF No. 25) is GRANTED;
2. This case is REMANDED to Arapahoe County District Court;
3. The Clerk shall transfer this file to Arapahoe County District Court; and
4. The Clerk shall terminate this action.

Dated this 14th day of December, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

---

[2] Because the Court has determined that Defendants' fraudulent joinder argument is time-barred and outside the scope of the Notice of Removal, it need not address Plaintiff's argument that Defendants' fraudulent joinder argument fails on its merits.